UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

WILLIE LONELL FRAZIER,

                Petitioner,                Case No. 1:12-cv-875

v.                                      Honorable Janet T. Neff

CINDI CURTIN,

                Respondent.

_____/

## REPORT AND RECOMMENDATION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner Willie Lonell Frazier presently is incarcerated at the Gus Harrison Correctional Facility. He pleaded guilty in the Saginaw County Circuit Court to one count of larceny from a person, MICH. COMP. LAWS § 750.357. On October 26, 2010, he was sentenced, as a fourth felony offender, MICH. COMP. LAWS § 769.12, to a prison term of 9 ½ to 20 years. In his *pro se* petition, Petitioner raises two grounds for relief, as follows:

    I.      IS MR[.] FRAZIER ENTITLED TO A RESENTENCING BECAUSE THE TRIAL COURT IMPOSED A SENTENCE BASED ON INCORRECTLY SCORED GUIDELINES?

    II.     WAS IT INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL TO HAVE MR. FRA[Z]IER SENTEN[C]ED WITH INCORRECTLY SCORED SENTENCING GUIDELINES?

(Pet., docket #1, Page ID##6, 8.) Respondent has filed an answer to the petition (docket #10), stating that the grounds should be denied because they are noncognizable state-law claims and/or have no merit. Upon review and applying the AEDPA standards, I recommend that the petition be denied.

**Procedural History**

**A.      Trial Court Proceedings**

The state prosecution arose from Petitioner's theft of a purse from the shopping cart of an elderly woman, together with his subsequent escape, during which he hit a store employee in the face.  After Petitioner was arrested, he yelled at the police officers, spat at them, and banged his head on the vehicle, requiring the officers to stop the vehicle and restrain Petitioner before continuing.  At the time of the offense, Petitioner was on parole from sentences imposed in 2008 and 1994.

On June 7, 2010, Petitioner was charged with unarmed robbery, MICH. COMP. LAWS § 750.530, and resisting arrest, MICH. COMP. LAWS § 750.81d(1).  On the date set for preliminary examination, the trial court instead ordered a competency examination.  The court received the competency report on August 16, 2010, and, after a competency hearing on August 19, 2010, found that Petitioner was competent to stand trial.  Petitioner waived his preliminary examination. In a supplemental information filed on September 27, 2010, Petitioner was charged with larceny from a person, MICH. COMP. LAWS § 750.357, and being a fourth felony offender, MICH. COMP. LAWS § 769.12.  That same date, in accordance with a plea agreement, Petitioner pleaded guilty to larceny from a person and being a fourth felony offender.  The charges of unarmed robbery and resisting arrest were dismissed in exchange for the plea.

During the plea proceedings, Petitioner testified under oath that he had completed eleventh grade, that he could read, and that he had read the Advice of Rights form for a circuit court plea.  Petitioner also testified that he understood that, by signing the form, he would waive the rights listed on the form.  Petitioner's attorney also testified that he was convinced that Petitioner

understood the rights waived by signing. (Plea Tr. at 5, docket #14.) Petitioner also stated that he understood that, under the plea agreement, he would plead guilty to larceny from a person and to being a fourth felony offender, in exchange for dismissal of the remaining counts at the time of sentencing. (*Id.* at 6.) Petitioner denied being promised anything other than that which was stated in the plea agreement, denied being threatened into pleading guilty, and stated that he was pleading guilty by his own choice and because he was guilty. He also admitted that he was on parole status and that he understood that his plea could affect his parole status. (*Id.*) Petitioner expressly acknowledged that, if he pleaded guilty to the felony of larceny from a person as a fourth felony offender, the maximum sentence could be life imprisonment. (*Id.* at 7.)

The court then asked Petitioner to describe what he did to make him guilty of the charge of larceny from a person. Petitioner stated that he took a purse out of a grocery cart that belonged to someone else. He stated that he did not know who owned the purse, but he knew that the person was somewhere near the cart. Petitioner acknowledged that he took the purse from her presence. (*Id.* at 7-8.) Petitioner also acknowledged having been convicted of armed robbery on April 22, 1993, and having been convicted of uttering and publishing and resisting arrest on April 24, 2008.

On the basis of Petitioner's sworn testimony, the court accepted the plea, finding Petitioner's "plea to have been understanding, voluntary and accurate, as well as factually supported and free from duress or coercion." (*Id.* at 10.)

On October 26, 2010, Petitioner was sentenced to serve a term of 114 months to 20 years as a fourth habitual offender. (Sentencing Transcript, (S. Tr.) at 7, docket #5.) The minimum

- 3 -

sentence was at the highest end of the 29 to 114-month range established by the sentencing guidelines as scored.

Petitioner, through appellate counsel, filed a motion for resentencing on April 15, 2011, which was heard on May 23, 2011. In his motion, Petitioner challenged his sentence, arguing that Offense Variable (OV) 9, OV 10 and OV 19 were improperly scored at 10 points each and that trial counsel was ineffective in failing to object to the scoring of the variables. He contended that, had those variables been properly scored at zero, his minimum range would have been 10 to 46 months. In an opinion and order issued May 31, 2011, the trial court denied the motion, detailing the reasons for which the variables were properly scored and rejecting the claim of ineffective assistance of counsel, because there existed no sentencing error. (5/11/11 Cir. Ct. Order at 2, docket #21.)

### B.    Direct Appeal

Petitioner filed a delayed application for leave to appeal to the Michigan Court of Appeals. His brief, which was filed by counsel on July 29, 2011, raised the same two issues presented in his motion for resentencing and in this application for habeas corpus relief. (*See* Def.-Appellant's Br. on Appeal, docket #17.) By unpublished opinion issued on September 14, 2011, the Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. (*See* 9/14/11 Mich. Ct. App. Opinion (MCOA Op.), docket #17.)

Petitioner filed a pro per application for leave to appeal to the Michigan Supreme Court. Petitioner raised the same two claims raised before and rejected by the Michigan Court of Appeals. By order entered March 5, 2012, the Michigan Supreme Court denied his application for

leave to appeal because it was not persuaded that the questions presented should be reviewed.  (*See* Mich. Ord., docket #18.)

### Standard of Review

This action is governed by the Antiterrorism and Effective Death Penalty Act, P_UB._ L. 104-132, 110 S_TAT._ 1214 (AEDPA).  *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law.  *Bell v. Cone*, 535 U.S. 685, 693-94 (2002).  An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:   "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."   28 U.S.C. § 2254(d).

### Discussion

In his first ground for habeas relief, Petitioner argues that the trial court improperly scored OV 9, OV 10, and OV 19.  In his second habeas ground, Petitioner argues that counsel was ineffective in failing to object to the scoring of the three variables.

The trial court considered and rejected both claims, as follows:

A sentencing court has discretion in determining the number of points to be scored provided that some evidence of record supports a particular score.[1]

Under "OV-9[,"] the court may score 10 points if there were "two to nine victims.[2]  In scoring OV-9, the court must "[c]ount each person who was placed in danger of injury or loss of life as a victim."[3]  In the present case, the offender stole a purse from an elderly woman shopping at a Walgreen's store and punched a clerk

in the mouth as he attempted to intervene and stop Defendant as [he] ran toward an exit door. Regardless of whether the victim yelled for help or whether the clerk knew exactly what the situation was, the clerk was attempting to assist and thwart the crime in progress. Based upon these facts, the Court finds OV-9 was properly scored at 10 points.

Under "OV-10[,"] the court may score 10 points where the "offender exploited a victim's . . . agedness[."][4] In the present case, Defendant was a 38 year old male. He stole a purse from the cart of a 75 year old woman while she was shopping at a Walgreen's store. Defendant dressed in a track suit ran from the store punching a clerk who attempted to block his way and stop him. Based upon these facts, the Court finds that OV-10 was properly scored at 10 points.

Under "OV-19[,"] the Court may score 10 points if the offender interfered with or attempted to interfere with the administration of justice.[5] Recently in *People v Smith*, our Supreme Court held that OV-19 was properly scored where conduct after the completion of the sentencing offense was considered.[6] In the present case, Defendant was placed under arrest after being tracked from the crime scene by police. Defendant resisted upon being placed in the patrol vehicle by yelling, banging his head and spitting to the point officers had to physically restrain him before continuing to transport him. Based upon these facts, the Court finds OV-19 was properly scored at 10 points.

Defendant has also asserted a claim of ineffective assistance of counsel for defense counsel's failure to raise the above guidelines issues at sentencing. Because the Court finds no scoring error, Defendant's ineffective assistance claim has no merit.

[1] *People v Hornsby*, 251 Mich App 462, 468, 650 NW2d 700 (2002).
[2] MCL 777.39(1)(c).
[3] MCL 777.39(2)(a); *People v Morson*, 471 Mich 248, 262-63, 685 NW2d 203 (2004); *People v Melton*, 271 Mich App 590, 595, 722 NW2d 698 (2006).
[4] MCL 777.40(1)(b).
[5] MCL 777.49(c).
[6] *People v Smith*, 488 Mich 193, 793 NW2d 666 (2010).

(5/31/11 Cir. Ct. Op. & Order at 1-2, docket #21.) As previously discussed, the Michigan Court of

Appeals denied Petitioner's application for leave to appeal on the merits, and the Michigan Supreme

Court denied leave to appeal because it was unpersuaded that the issue warranted review.

Petitioner's objection to the scoring of the three sentencing variables under state law

is not cognizable on habeas review. "[A] federal court may issue the writ to a state prisoner 'only

on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010) (quoting 28 U.S.C. § 2254(a)). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, RULES GOVERNING HABEAS CORPUS CASES). The federal courts have no power to intervene on the basis of a perceived error of state law. *Wilson*, 131 S. Ct. at 14; *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 67-68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Claims concerning the improper application of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief).

Moreover, there is no constitutional right to individualized sentencing in non-capital cases. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978) (In a case holding that mitigating factors must be fully considered in death penalty cases, the Court "recognize[d] that, in noncapital cases, the established practice of individualized sentences rests not on constitutional commands, but on public policy enacted into statutes.").

Plaintiff argues, however, as he did in the state court, that the state-court's application of its own law violated his right to due process, because it was based on inaccurate information. A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Roberts v. United States,* 445 U.S. 552, 556 (1980), *quoted in Koras v. Robinson,* 123

F. App'x 207, 213 (6th Cir. 2005); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Koras,* 123 F. App'x at 213 (quoting *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988)). A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447.

Petitioner does not identify any facts found by the court at sentencing that were materially false or based on false information. As in his state-court brief, he does not dispute that he took the purse from an elderly woman, and he acknowledges that the woman was clearly a victim of the crime. Nor does he dispute that he hit the store clerk when he exited the store. He merely argues that, under OV 9, the battery of the store clerk should not have been counted, because it occurred after his original larceny was complete. In addition, he argues that OV 10 should not have been scored, because he did not know who the victim was, and the age of the victim was not a factor in his decision to steal the purse. Finally, he argues that, under state sentencing law, his flight from the police did not amount to obstruction of justice.

Plaintiff's complaint that the state courts misapplied state law to the facts does not demonstrate that the court relied on facts that were materially false. Plaintiff therefore fails to demonstrate that his sentence violated due process. *Tucker*, 404 U.S. at 447; *United States v. Lanning*, 633 F.3d 469, 477 (6th Cir. 2011) (rejecting due process claim where the petitioner failed to point to specific inaccurate information relied upon by the court).

In his second habeas ground, Petitioner claims that his attorney was ineffective in failing to object to the scoring of OV 9, OV 10 and OV 19. In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691. Moreover, as the Supreme Court recently has observed, when a federal court reviews a state court's application of *Strickland* under § 2254(d), the deferential standard of *Strickland* is "doubly" deferential. *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) (citing *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)); *see also Burt v. Titlow*, 134 S. Ct. 10, 13 (2013); *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011); *Premo v. Moore*, 131 S. Ct. 733, 740 (2011). In those circumstances, the question before the habeas court is "whether there is any reasonable argument that counsel satisfied *Strickland*'s

deferential standard." *Id.*; *Jackson v. Houk*, 687 F.3d 723, 740-41 (6th Cir. 2012) (stating that the "Supreme Court has recently again underlined the difficult of prevailing on a *Strickland* claim in the context of habeas and AEDPA . . . .") (citing *Richter*, 131 S. Ct. at 786).

As previously discussed, the trial court, having reached the conclusion that no scoring error occurred, rejected Petitioner's ineffective-assistance claim as meritless. The state-court's determination is patently reasonable and consistent with Supreme Court precedent. If no error in scoring occurred, counsel had no basis on which to object. *See Smith v. Bradshaw*, 591 F.3d 517, 523 (6th Cir. 2010) (holding that an attorney's failure to make a frivolous or meritless motion does not constitute ineffective assistance of counsel); *O'Hara v. Brigano*, 499 F.3d 492, 506 (6th Cir. 2007) (same); *Chegwidden v. Kapture*, 92 F. App'x 309, 311 (6th Cir. 2004) (same).

## **Recommended Disposition**

For the foregoing reasons, I respectfully recommend that the habeas corpus petition be denied.

Date: March 19, 2014 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).