UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE LONELL FRAZIER,

    Petitioner,

v.

CINDI CURTIN,

    Respondent.

_____/

Case No. 1:12-cv-875

HON. JANET T. NEFF

## OPINION AND ORDER

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254.  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court deny the petition.  The matter is presently before the Court on Petitioner's objections to the Report and Recommendation.  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  The Court denies the objections and issues this Opinion and Order.  The Court will also issue a Judgment in this § 2254 proceeding.  *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

As an initial matter, Petitioner's objections essentially reiterate the arguments in his petition instead of addressing the Magistrate Judge's analysis.  Petitioner again alleges that the trial court incorrectly scored three different offense variables (OV), and he contends that the Magistrate Judge "reached an inaccurate assertion and conclusion that the trial court did not improperly scored [sic]

OV9, OV 10, and OV 19" (Pet'r Obj., Dkt 38 at 2). Petitioner then continues to argue how state law should have been applied in his sentencing (*id.* at 2–6), despite the fact that the Magistrate Judge's conclusion was based on Petitioner's failure to demonstrate a violation of the United States Constitution or federal law. Nonetheless, the Court has considered the objections and agrees with the Magistrate Judge's analysis.

Petitioner first contends that habeas relief is warranted because the trial court misapplied the standards required to score each of the offense variables at 10 points (*id.* at 2, 3, 4). Petitioner's first argument lacks merit. The Magistrate Judge properly stated that "[c]laims concerning the improper application of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings" (R&R, Dkt 32 at 7, citing *Austin v. Jackson*, 213 F.3d 298, 301–02 (6th Cir. 2000)). The Magistrate Judge also found that Petitioner's assertions do not demonstrate that his due-process rights were violated because "Petitioner does not identify any facts found by the court at sentencing that were materially false or based on false information" (R&R, Dkt 32 at 8, citing *United States v. Tucker*, 404 U.S. 443, 447 (1972)). As the Supreme Court has made clear, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (citing 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (per curiam)). Petitioner is not entitled to habeas relief based solely on the allegation that Petitioner's sentencing guidelines were scored incorrectly under state law.

Petitioner next claims that his trial counsel was ineffective for failing to object to the trial court's scoring of the offense variables (Pet'r Obj., Dkt 38 at 6). Because Petitioner's first argument

2

fails, Petitioner's second argument must also fail. As the Magistrate Judge stated, "[i]f no error in scoring occurred, counsel had no basis on which to object" (R&R, Dkt 32 at 10, citing *Smith v. Bradshaw*, 591 F.3d 517, 523 (6th Cir. 2010) (holding that an attorney's failure to make a frivolous or meritless motion does not constitute ineffective assistance of counsel)). Therefore, the performance of Petitioner's trial counsel could not have been constitutionally deficient, and Petitioner cannot meet either prong of the *Strickland* test. *See Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).

In sum, Petitioner has failed to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. The Magistrate Judge properly concluded that Petitioner's habeas corpus petition should be denied.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466–67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. A certificate of appealability will therefore be denied.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkt 38) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 32) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (Dkt 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED.


Dated: November  25 , 2014              /s/ Janet T. Neff
                                        JANET T. NEFF
                                        United States District Judge